IN THE SUPREME COURT OF THE STATE OF DELAWARE

DONALD K. WRIGHT, § 
§ No. 129, 2018
Defendant Below, §
Appellant, § Court Below: Superior Court
§ of the State of Delaware
v. §
§ ID. No. 0803024468 (N)
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: April 24, 2018
Decided: June 20, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

**ORDER**

This 20th day of June 2018, it appears to the Court that:

(1)     In 2008, a Superior Court jury convicted the appellant, Donald K. Wright, of serious sex crimes against a child. Wright's convictions were affirmed on direct appeal.[1] This appeal is from the Superior Court's order of February 26, 2018, summarily dismissing Wright's third motion for postconviction relief under Superior Court Criminal Rule 61.[2] The State has moved to affirm the Superior Court judgment on the ground that it is manifest on the face of Wright's opening that the appeal is without merit. We agree and affirm.[3]

---

[1] *Wright v. State*, 980 A.2d 1020 (Del. 2009).
[2] *State v. Wright*, 2018 WL 1129004 (Del. Super. Feb. 26, 2018).
[3] On May 2, 2018, Wright filed a motion for leave to respond to the motion to affirm. Under Supreme Court Rule 25(a), a response to a motion to affirm is not permitted unless requested by

(2)     In his third motion for postconviction relief under Rule 61, Wright claimed that the Superior Court lacked jurisdiction to try his case because the indictment (i) omitted essential elements of the offenses charged and (ii) charged him multiple times under the same statute in violation of double jeopardy.  On appeal, he argues that the Superior Court erred when summarily dismissing his claims because, under Rule 61(i)(5), the procedural bars of Rule 61 do not apply to "a viable claim that the court lacked jurisdiction."[4]  Wright's argument is without merit.

(3)     A viable claim is one that is capable of succeeding.  The claims raised in Wright's third postconviction motion were raised in his first and second postconviction motions and were rejected in the decisions denying those motions.[5]  The claims, raised for the third time, do not satisfy the exception in Rule 61(i)(5) to the procedural bars in Rule 61.

---

the Court.  The Court did not request a response to the motion to affirm and found no reason to request a response after considering Wright's motion.

[4] Del. Super. Ct. Crim. R. 61(i)(5).

[5] *See State v. Wright*, 2010 WL 11470344 (Del. Super. Ct. July 22, 2010) (denying first postconviction motion) ("In the indictment, each Rape First Degree charge, and the sole Rape Second Degree charge, allege all the elements of the stated crime, thereby placing Defendant on notice of the charge brought against him, pursuant to Superior Court Criminal Rule 7(c)."), *aff'd*, 2011 WL 181470 (Del. Jan. 14, 2011); *State v. Wright*, 2017 WL 781559 (Del. Super. Ct. Feb. 27, 2017) (rejecting, as conclusory, in order dismissing second postconviction motion, double jeopardy claim based on multiplicity of charges in indictment); *see also Wright v. State*, 2017 WL 2889016 (Del. July 6, 2017) (affirming denial of untimely motion seeking reargument of order dismissing second postconviction motion).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice